# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 47958 & 47959

| | |
|---|---|
| In the Matter of: John Doe I, Jane Doe I, John Doe II, and Jane Doe II Children Under Eighteen (18) Years of Age. ) ) ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) | Filed: July 17, 2020 |
| Petitioner-Respondent, ) ) | Melanie Gagnepain, Clerk |
| v. ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| JANE DOE (2020-20), ) ) | |
| Respondent-Appellant. ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Chief Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Caldwell, for respondent.

---

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate court's order terminating her parental rights to four of her minor children. Mother argues the court erred by concluding that she neglected the children by failing to complete her case plans and that the termination of her parental rights is in the children's best interests. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2017, law enforcement took Mother's four minor children, I.N., Jr.; I.N.; J.N.; and D.A., into shelter care after finding them at Mother's boyfriend's apartment. The apartment was small and dirty; Mother admitted to using methamphetamine; and the children were either not enrolled in school or not attending school. The magistrate court found jurisdiction over the children, vested their legal custody in the Department of Health and Welfare (Department), and approved a case plan for Mother in June 2017.

Approximately five months later, Mother gave birth to another child, S.C., who was born prematurely. Mother tested positive for illegal substances during the pregnancy, and about three weeks after the child's birth, law enforcement declared S.C. to be in imminent danger. After finding jurisdiction over S.C. and vesting the child's legal custody in the Department, the magistrate court approved a case plan for Mother in February 2018 related to S.C. Among other things, Mother's case plans required that she address her substance abuse and maintain sobriety, complete a mental health assessment and manage her mental health, complete a parenting class and demonstrate her ability to parent, obtain and maintain a legitimate source of income, and attend all scheduled visitation.

In October 2018, the Department petitioned to terminate Mother's parental rights to I.N., Jr.; I.N.; J.N.; and S.C.[1] On March 4, 2020, the magistrate court held a termination hearing and issued its written findings and conclusions on March 31. The court found that the Department had custody of S.C. for twenty-seven months and had custody of the remaining children at issue for thirty-five months. Further, the court found clear and convincing evidence to conclude that Mother neglected the children by failing to provide them with the subsistence, education, medical or other care and control necessary for their well-being and also by failing to complete her case plans and that the termination of Mother's parental rights is in the children's best interests.

Mother timely appeals.

---

[1] The Department did not petition to terminate the parental rights related to D.A., who was reunified with his father during the course of the child protection action. The identities of the fathers of the other four children, however, are unknown.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id*. The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

# III.

# ANALYSIS

## A.    Substantial and Competent Evidence Supports That Mother Neglected the Children

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist:  (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time.  Each statutory ground is an independent basis for termination.  *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31).  Section 16-1602(31)(a) in turn provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.  Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case; the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months; and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.  I.C. § 16-2002(3)(b).

In this case, the magistrate court concluded that Mother neglected the children both under I.C. § 16-2002(3)(a) by failing to provide them with the care and control necessary for their well-being and also under I.C. § 16-2002(3)(b) by failing to complete her case plans.  On appeal, Mother challenges only the court's latter basis for terminating her parental rights, arguing that she "has never been able to comply with the case plan[s]" and that her compliance was impossible.  We disagree that Mother's compliance with her case plans was impossible.

In addition to Mother's concession that she did not comply with her case plans, substantial and competent evidence supports the magistrate court's conclusion that Mother failed to comply with her case plans.  In support of this conclusion, the court found that Mother admitted to having a long history of methamphetamine use, to using drugs "approximately once

4

a week" during the case plans' pendency, and to "being clean" only for approximately a month before the termination hearing. Although Mother completed a parenting class, she was unable to demonstrate her ability to safely parent her children. Further, Mother did not maintain consistent visitation with her children; did not maintain a regular source of income; and did not maintain consistent, stable housing. Substantial and competent evidence presented during the termination hearing supports these findings.

Mother's argument that she was unable to perform her case plans because it was impossible for her to do so is unpersuasive. Mother asserted the affirmative defense of impossibility, and impossibility may be a defense for failing to comply with a case plan's requirements. *See, e.g.*, *Idaho Dep't of Health & Welfare v. Doe (2016-14)*, 161 Idaho 596, 600, 389 P.3d 141, 145 (2016) ("[I]mpossibility may be asserted as a defense to a claim of neglect founded upon failure to comply with the requirements of a case plan."). Mother, however, bears the responsibility for her noncompliance in this case. Mother does not identify any mental health issue or other disability that adversely impacted her ability to comply with her case plans. Instead, the only purported barriers to Mother's compliance that she identifies on appeal are her lack of "meaningful job skills" and the lack of support from the children's fathers whose identities are unknown.

Mother's lack of financial means, however, did not make her compliance with the case plans' requirements impossible or otherwise excuse her noncompliance. In particular, her lack of financial means does not excuse her failure to maintain sobriety, to maintain consistent visitation, to demonstrate parenting skills, to maintain a regular source of income, and to provide stable housing. The magistrate court found the Department attempted to assist Mother with her case plans by providing "multiple referrals for services, substance abuse testing, visitation opportunities, information on employment opportunities, information on housing, information on community resources, and gas vouchers." That Mother did not avail herself of this assistance and continued using methamphetamine during the case plans' pendency is the source of her noncompliance, not her lack of financial means. *See, e.g.*, *Idaho Dep't of Health & Welfare v. Doe (2016-32)*, 161 Idaho 754, 759, 390 P.3d 1281, 1286 (2017) (rejecting defense of impossibility); *Idaho Dep't of Health & Welfare v. Doe (2016-47)*, 162 Idaho 236, 245, 395 P.3d 1269, 1278 (2017) (same).

Further, we disagree with Mother's argument that her noncompliance with her case plans must be willful to constitute neglect. The Idaho Supreme Court has rejected the notion that a court must find willful noncompliance to conclude a parent's failure to comply with her case plan is neglect under I.C. § 16-2002(3)(b). *Doe*, 161 Idaho at 759, 390 P.3d at 1286 ("Willful non-compliance . . . need not be shown."). Accordingly, the magistrate court did not err in this case by concluding Mother neglected her children by failing to comply with her case plans.

Moreover, Mother fails to challenge the court's alternative finding that she neglected the children under I.C. § 16-2002(3)(a) by failing to provide them with the care and control necessary for their well-being. "[O]nly one basis of neglect is sufficient to terminate parental rights." *Doe*, 161 Idaho at 759, 390 P.3d at 1286. If the court grants a judgment on more than one independent basis and the appellant does not challenge each basis for termination, then we must affirm the judgment. *Idaho Dep't of Health & Welfare v. Doe (2016-09)*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we just affirm the judgment.").

**B.  Substantial and Competent Evidence Supports That Termination of Mother's Parental Rights Is in the Children's Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Mother challenges the magistrate court's conclusion that the termination of her parental rights is in the children's best interests. Specifically, Mother argues she and the children have "a significant loving bond"; the oldest child, I.N., Jr., would refuse to be adopted; and no permanent

6

placement option for the children existed at the time of trial. The magistrate court, however, addressed these issues finding that:

> While in [Mother's] care, the children's needs are not met at the expense of their well-being. The court carefully considered that the children are bonded to [Mother] and that the children do not currently have a permanent placement option. However, returning the children to [Mother] is not the answer. Placing the children back into [Mother's] care poses an unacceptable risk to their health, morals and well-being. Neither is the answer to allow the children to continue to languish in foster care indefinitely suffering with the uncertainty of whether [Mother] can stabilize her life. The children deserve a permanent, stable and safe home which [Mother] cannot provide for them.

Substantial and competent evidence supports this conclusion, including evidence of Mother's history with substance abuse, her inability to maintain a regular source of income or a safe home, her failure to contribute financially to the children's care, and the children's significant improvement while in foster care.

## IV.

## CONCLUSION

Substantial and competent evidence supports both the magistrate court's conclusion that Mother neglected the children under I.C. § 16-2002(3)(b) by failing to comply with her case plans and that termination of her parental rights is in the children's best interests. Accordingly, we affirm the court's judgment terminating Mother's parental rights.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.